UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-63-KKC-MAS

UNITED STATES OF AMERICA                                                            PLAINTIFF

V.                                          PLEA AGREEMENT

DANIEL J. REDONDO                                                                   DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole Count of the Indictment, charging a violation of 18 U.S.C. § 922(g)(5), possession of a firearm by an alien unlawfully in the United States. The Defendant also agrees to the Forfeiture Allegations.

2. The essential elements of the sole Count are:

    (a) First, that at the time of the offense the Defendant was an alien, illegally and unlawfully, in the United States.

    (b) Second, that the Defendant knowingly possessed the firearm specified in the Indictment.

    (c) Third, that at the time the Defendant possessed the firearm, he knew he was an alien, illegally and unlawfully, in the United States.

    (d) Fourth, that the specified firearm crossed a state line prior to the Defendant's possession.

3. As to the sole Count, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits that these facts are true:

(a) On February 26, 2025, at approximately 11:18 pm, officers with the Lexington Police Department conducted a traffic stop of the Defendant's vehicle in Fayette County, in the Eastern District of Kentucky. The Defendant, who was the driver and sole occupant, did not have an operator's license. A black handgun, a Ruger pistol, Model LC9, Caliber: 9x19, serial number 326-01391, which had been reported stolen, was laying in plain view uncovered on the front passenger seat. After being Mirandized, the Defendant admitted that he knew the firearm was in the vehicle and said that the next time he purchases a firearm, he will make sure he gets the legal papers on it. The Defendant admits that he knowingly possessed the firearm on February 26, 2025. The ATF confirmed that, prior to being located in Kentucky on February 26, 2025, the firearm had crossed a state line and affected interstate commerce.

(b) The Defendant further admits that he is, and on February 26, 2025, was, an alien, illegally or unlawfully, in the United States. The Defendant is a citizen of Honduras and not of the United States. He entered the United States in or about 2021, and there is no record of legal status in the United States. On February 26, 2025, the Defendant knew he was an alien, illegally or unlawfully, in the United States.

4. The statutory punishment for the sole Count is imprisonment for not more than 15 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, which the Defendant will pay to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. These recommendations do not bind the Court:

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2024, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct described in ¶ 3 and all provided discovery materials.

(c) Pursuant to U.S.S.G. § 2K2.1(a)(6)(A), the base offense level is 14.

(d) Pursuant to U.S.S.G. § 2K2.1(b)(4)(A), increase the offense level by 2 levels because the firearm was stolen.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status because he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his

conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture

and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 9/11/25     By: _____
                       James T. Chapman
                       Assistant United States Attorney

Date: 09/04/2025

_____
Daniel J. Redondo
Defendant

Date: 09/04/2025

_____
Nicholas A. Nash
Attorney for Defendant